# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JAMES H. YOUNG, SR.,**

        **Petitioner,**

    v.                            CASE NO. 19-3244-SAC

**STATE OF KANSAS,**

        **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se.

*Nature of the petition*

Petitioner was convicted in the District Court of Cloud County of possession of methamphetamine with intent to distribute within 1,000 feet of school property, unlawful use of communication facility, unlawful possession of oxycodone, and possession of methamphetamine without a tax stamp. *State v. Young*, 356 P.3d 1077 (Table), 2015 WL 5750541 (Kan. Ct. App. Oct. 2, 2015), *rev. denied*, Apr. 27, 2018.

On appeal, the Kansas Court of Appeals found error with the instruction given on possession of oxycodone, a drug that had been prescribed to petitioner. On remand, the State dismissed the charge related to oxycodone. Petitioner is serving a sentence of 136 months.

Petitioner also filed a post-conviction action under K.S.A. 60-1507 in which he alleged that a prosecution witness testified falsely at his trial that she was teaching in the school until October 2013, after the time of his arrest. The district court denied relief,

and petitioner did not appeal.[1]

The habeas corpus petition presents two grounds for relief. First, petitioner challenges the sufficiency of the evidence concerning the weight of the methamphetamine in his possession.[2] Second, petitioner challenges the State's claim that alleged an intent to distribute within 1,000 feet of a school on the ground that the building in question had not been occupied for over a year.

*Discussion*

A petition for habeas corpus ordinarily may not be granted unless the petitioner has exhausted state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever, id*.

In this case, petitioner presented the claim of insufficiency of the evidence concerning the amount of methamphetamine in his direct appeal. That claim was considered by the Kansas Court of Appeals and was properly exhausted.

However, petitioner's claim challenging the charge of intent to distribute within 1,000 feet of a school has not been exhausted. Petitioner did not present that claim on his direct appeal, and he did not appeal from the denial of his post-conviction action.

Because petitioner's second claim was not exhausted by presentation to the state courts, this matter is a mixed habeas

---

[1] The petition states that petitioner did not appeal the denial of his post-conviction action and provides the explanation "Felt I had exhausted all my remedies, took no other procedures." (Doc. 1, p. 5.)
[2] Ground One of the petition reads: "A reasonable thinking individual would question the State's assumption that the total weight of the methamphetamine was greater than one gram."

petition, that is, one that contains both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 227 (2004).

Generally, a federal court may not adjudicate a mixed petition and must dismiss such a petition in its entirety. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, the federal habeas court may also consider other courses. First, in appropriate circumstances, the federal court may stay and abate a habeas action allowing the petitioner to return to state court to pursue relief on the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275, 277 (2005). This avenue is appropriate only if the petitioner shows good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no evidence of intentionally dilatory tactics by the petitioner. *Id*. at 278.

Next, the petitioner may dismiss the unexhausted claims and proceed only on those claims that were properly exhausted. *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016).

Finally, the Court may deny the entire petition despite the failure to exhaust all claims. *See* 28 U.S.C. § 2254(b)(2). This is an adjudication on the merits and is available only if the federal court denies all claims presented. *See Moore v. Schoeman*, 288 F.3d 1231, 1235-36 (10th Cir. 2002).

Having considered the petition, the Court first finds that petitioner has not shown good cause for the failure to exhaust his second claim by seeking appellate review of the decision in his post-conviction action. The Court therefore will direct petitioner to advise the Court whether he wishes to dismiss the unexhausted claim and proceed on the claim concerning the sufficiency of the evidence regarding the weight of the methamphetamine. If he fails to do so,

the Court will dismiss this mixed petition.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **December 27, 2019,** to advise the Court whether he will voluntarily dismiss the unexhausted claim in his petition.

**IT IS SO ORDERED.**

DATED:  This 4th day of December, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge