```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


JAMES H. YOUNG, SR.,

                          Petitioner,

           v.                                  CASE NO. 19-3244-SAC

STATE OF KANSAS,

                          Respondent.
```

### MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. It comes before the Court on respondent's motion to dismiss (Doc. 7). Petitioner has submitted two letters (Docs. 9 and 10), and the Court has considered these materials. For the reasons that follow, the Court finds this matter was not filed within the limitation period and must be dismissed.

### Background

In January 2014, petitioner was convicted in the District Court of Cloud County of one count of felony distribution of a controlled substance, one count of felony distribution of a controlled substance using a communication facility, one count of felony possession of a controlled substance, and one count of felony failure to have a tax stamp. He was sentenced to a term of 147 months, with a 36-month term of supervised release. On appeal, the Kansas Court of Appeals (KCOA) affirmed the convictions except the count of felony possession of a controlled substance. *State v. Young*, 356 P.3d 1077 (Table), 2015 WL 5750541, *2-3 (Kan. App. 2015)(unpublished order). The Kansas Supreme Court denied review on April 27, 2018.

On September 24, 2018, petitioner filed a motion for

post-conviction relief in the district court. The district court denied relief on November 27, 2018, and petitioner did not appeal.

On November 27, 2019, petitioner filed the present federal petition.

## Analysis

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA established a one-year statute of limitations for filing a habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). Generally, the limitation period begins to run on "the date on which the judgment [becomes] final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*.

The Supreme Court has stated that "direct review" concludes when the availability of direct appeal in the state courts and request for review in the U.S. Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Under the Rules of the Supreme Court, a petitioner has ninety days from the conclusion of direct appeal to seek certiorari in the Supreme Court. U.S. S. Ct. Rule 13. If the petitioner does not seek certiorari review, the one-year limitation period begins to run at the end of the ninety-day period. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003)(internal quotations omitted).

The statute contains a tolling provision concerning post-conviction remedies:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The limitation period also may be subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted). To qualify for equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted). "An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (brackets and quotations omitted).

In this case, petitioner's conviction was affirmed by the KCOA, and his petition for review was denied by the Kansas Supreme Court on April 27, 2018. The ninety-day period began to run on April 28, 2018, and expired on July 26, 2018. The one-year limitation period for filing a habeas corpus action then ran from July 27, 2018, until petitioner filed a motion for post-conviction relief in the District Court of Cloud County on September 24, 2018. The limitation period was tolled by that filing, with 306 days remaining on the one-year period.

The state district court denied post-conviction relief on November 27, 2018, and, because petitioner did not file an appeal, the limitation period began to run again on December 28, 2018, at the end of the time to appeal. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000)("regardless of whether a petitioner actually appeals

a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law"). It ran from that date until it expired on October 29, 2019. Because petitioner filed this petition on November 27, 2019, he failed to bring it within the one-year limitation period.

The Court has considered petitioner's submissions filed after the motion to dismiss but finds no grounds for equitable tolling. Accordingly, the Court concludes this matter must be dismissed as time-barred.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

Where, as here, the Court's decision is based on a procedural ground, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the present action does not warrant the issuance of a certificate of appealability. The dismissal is based upon procedural grounds, and the ruling that petitioner failed to timely file this matter is not reasonably debatable.

IT IS, THEREFORE, BY THE COURT ORDERED respondent's motion to dismiss (Doc. 7) is granted.

IT IS FURTHER ORDERED no certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED:  This 1st day of July, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge